IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TIMOTHY LUNSFORD and MELISSA LUNSFORD, <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR ANGEL OAK MORTGAGE TRUST I, LLC, 2019-1, MORTGAGE-BACKED CERTIFICATES, SERIES 2019-1 and SELECT PORTFOLIO SERVICING, INC., <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. _____ |

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association as Trustee for Angel Oak Mortgage Trust 1, LLC, 2019-1, Mortgage-Backed Certificates, Series 2019-1 ("US Bank") file this Notice of Removal of the civil action brought against them by Plaintiffs Timothy Lunsford and Melissa Lunsford ("Plaintiffs"). Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

### I.   INTRODUCTION

1. On February 1, 2024, Plaintiffs filed their Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction ("Complaint"), numbered and styled as Cause No. 24-CV-0186, *Timothy Lunsford and Melissa Lunsford vs. U.S. Bank National Association as Trustee for Angel Oak Mortgage Trust 1, LLC, 2019-1, Mortgage-Backed Certificates, Series 2019-1 and Select Portfolio Servicing, Inc.,* in the 122nd District Court, Galveston County, Texas ("State Court Action").

2. In the Complaint, Plaintiffs seek an injunction preventing Defendants from foreclosing on the real property located at 405 Clearview Ave., Friendswood, TX 77546 ("Property").

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as **Exhibit A** and incorporated herein by reference.

## II.   TIMELINESS OF NOTICE OF REMOVAL

4. Neither Defendant has been served with process and thirty (30) days has not lapsed since the filing of the Complaint; therefore, this notice of removal is timely filed within thirty days of receiving notice of this suit. 28 U.S.C. § 1446(b).

## III.   BASIS FOR REMOVAL – DIVERSITY JURISDICTION

5. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   Complete diversity exists.

6. Plaintiffs are natural persons, so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555-56 (5th Cir. 1985). As alleged in the Complaint, Plaintiffs are citizens and residents of Galveston County, Texas.[1]

7. Defendant US Bank was sued in its capacity as Trustee of a trust, which exercises real and substantial control over the Trust's assets. When determining the citizenship of the parties

---

[1] See Complaint, ¶ 1.

in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[2] U.S. Bank is a citizen of Minnesota. Specifically, U.S. Bank is a federally-charted national bank with its main business office in Minneapolis, Minnesota. A national bank "is a citizen of the State in which its main office . . . is located."[3] Therefore, US Bank is a citizen of Minnesota for purposes of diversity jurisdiction.

8. Defendant SPS is a corporation organized and incorporated under the laws of the State of Utah with its principal place of business in Utah. Corporations are citizens of their state of incorporation and their principal place of business.[4] According to the U.S. Supreme Court, a corporation's principal place of business refers "… to the place where a corporation's officers direct, control, and coordinate the corporation's activities."[5] The Court characterizes this location as the corporation's "nerve center." SPS is incorporated in the state of Utah, and its principal place

---

[2] Under Texas law, lawsuits against a trust must be brought against its legal representative, the trustee. *See Werner v. Colwell*, 909 S.W.2d 866, 870 (Tex. 1995); *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (trust is not separate legal entity that may sue or be sued). To the extent the Court determines that the Trust is implicated by the allegations in the Complaint, which Defendants ***do not concede*** and expressly dispute, the citizenship of the Trust can and should be disregarded for purposes of diversity because Deutsche Bank as trustee—and not the Trust—is the real and substantial party to the controversy. The Trust is a traditional trust, as opposed to an artificial or unincorporated business trust, and Deutsche Bank as trustee is the only entity that can take any action on behalf of the Trust. As held by the U.S. Supreme Court in *Americold Realty Trust v. Conagra Foods, Inc.,* 136 S.Ct. 1012, 1016 (2016), there is no need to determine the membership of a traditional trust. *See also Navarro,* 446 U.S. at 465-66.

Furthermore, on March 22, 2017, the Fifth Circuit issued its opinion in *Justice*, thus providing guidance regarding the "real party in interest" analysis in the context of trustees and trusts following the U.S. Supreme Court's decision in *Americold*. In *Justice*, the Fifth Circuit acknowledged *Americold* "injected some uncertainty into the diversity jurisdiction inquiry where a party sued is at least nominally a 'trust,'" but concluded "this uncertainty [did] not affect the outcome" of the case before it. 674 Fed. App'x at 332. The Fifth Circuit made clear that "[w]here a trustee has been sued or files suit in her own name, the only preliminary question a court must answer is whether the party is an 'active trustee[] whose control over the assets held in [its] name[] is real and substantial.'" *Id.* (citing *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 100 S. Ct. 1015, 1021 (1990) (quoting *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 465, 100 S. Ct. 1178, 1779 (1980)). Where, as here, the trustee is an active trustee whose control over the trust's assets is real and substantial, only the citizenship of the trustee—and not the citizenship of the members of the trust—need be considered for purposes of diversity.

[3] *Adegbenro v. Bank of Am., N.A.,* No. 4:22-CV-00828, 2022 WL 16857065, at *2 (S.D. Tex. Nov. 10, 2022), report and recommendation adopted, No. 4:22-CV-00828, 2022 WL 17253898 (S.D. Tex. Nov. 28, 2022) (quoting *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348).

[4] *Hertz Corp. v. Friend*, 559 U.S. 77, 88, 130 S.Ct. 1181, 1190 (2010).

[5] *Id*. at 92-93, at 1192.

of business is in the state of Utah; and therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.[6]

9.  Accordingly, because Plaintiffs are citizens of Texas and neither Defendant is a citizen of Texas, there is complete diversity of citizenship between Plaintiffs and the Defendants, and removal is appropriate under 28 U.S.C. §§ 1332 and 1441.

**B.  The amount in controversy exceeds $75,000.00.**

10.  The amount in controversy with respect to Plaintiffs' claims, exclusive of interest and costs, exceeds $75,000. *See* 28 U.C.S. § 1332(a).

11.  Here, Plaintiffs seek an injunction preventing Defendants from foreclosing on the Property. *See* Compl. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[7] When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[8]

12.  Here, the object of the litigation is the Property, which Plaintiffs concede. Compl. at 4. The value of the Property, located at 405 Clearview Ave., Friendswood, TX 77546, amounts to at least $726,928.00 as of 2024.[9] Therefore, based on the value of the relief sought by Plaintiffs in their Complaint, the amount in controversy exceeds $75,000.00 under any measurement and the amount in controversy exceeds the federal jurisdictional minimum. *See* 28 U.S.C. § 1332(a).

---

[6] *See* 28 U.S.C. § 1332(c)(1).
[7] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[8] *Id.*
[9] *See* Galveston County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Galveston County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Galveston County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

## IV. VENUE

11.  Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Galveston Division, because this district and division includes Galveston County, Texas—the location of the pending state court action. 28 U.S.C. §124(c)(3).

## V. ADDITIONAL REQUIREMENTS

12.  Written Notice of Removal will be provided to Plaintiffs and filed with the Galveston County District Clerk in accordance with 28 U.S.C. § 1441(d).

13.  In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

14.  Plaintiffs made a jury demand in the Complaint.

**WHEREFORE**, having satisfied the requirements for removal, Defendants give notice that Cause No. 24-CV-0186 originally filed in the 122nd District Court, Galveston County, Texas, has been removed to this Court.

Respectfully submitted,

By: */s/ Kathryn B. Davis*
**KATHRYN B. DAVIS**
State Bar No. 24050364
kdavis@mcglinchey.com
**McGlinchey Stafford, PLLC**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

*COUNSEL FOR DEFENDANTS*
*SELECT PORTFOLIO SERVICING, INC. AND*
*U.S. BANK NATIONAL ASSOCIATION AS*
*TRUSTEE FOR ANGEL OAK MORTGAGE*

5

*TRUST 1, LLC, 2019-1, MORTGAGE-BACKED CERTIFICATES, SERIES 2019-1*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties of record in accordance with the *Federal Rules of Civil Procedure* on February 15, 2024.

**Via Email and/or CM/ECF**
JEFFREY C. JACKSON
Texas State Bar No. 24065485
JEFFREY JACKSON & ASSOCIATES, PLLC
2500 E TC Jester Blvd., Suite 285
Houston, Texas 77008
713-861-8833 (P)
jeff@jjacksonllp.com

*Counsel for Plaintiffs*

                                                     */s/ Kathryn B. Davis*
                                                     **Kathryn B. Davis**